

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUZANNE MERCED, on behalf of
herself and those similarly situated,

    Plaintiff(s),

vs.

FLORIDA INSURANCE SPECIALIST, LLC, a Florida Liability Company,

    Defendant.

_____/

Case No.:

6:16-cv-167-orl-41-TBS

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

COMES NOW the Plaintiff, SUZANNE MERCED, on behalf of herself and others similarly situated, (hereinafter referred to as "Plaintiff"), and sues Defendant, FLORIDA INSURANCE SPECIALIST, LLC, (hereinafter referred to as "Defendant" or "FIS"), and alleges as follows:

I. **NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.

*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.  This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

2.  This action is intended to include each and every call center agent, sales representative, and retaining sales representative who worked for the Defendant within the state of Florida at any time within the past three (3) years.

## II. **JURISDICTION**

3.  This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

### III. VENUE

4. The venue of this Court over this controversy is proper based on the claim arising in Lake Mary, Seminole County, Florida.

### IV. COVERAGE

5. Defendant, FLORIDA INSURANCE SPECIALIST, LLC ("FIS"), is a company that operates and conducts business in Seminole County, Florida, and is therefore, within the jurisdiction of this Court.

6. At all material times relevant to this action (2013-2016), FIS, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

7. At all material times relevant to this action (2013-2016), FIS, made gross earnings of at least five hundred thousand dollars ($500,000.00) annually.

8. At all material times relevant to this action (2013-2016), FIS, accepted payments and transferred money from branch to branch through its national banking system.

9. At all material times relevant to this action (2013-2016), FIS routinely employed two or more employees who handlded, ordered and received materials or supplies that previously moved through commerce (i.e. office furniture, computers, copy machines, cameras, etc.).

10. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## V. FACTUAL ALLEGATIONS

11. Defendant, FIS, is headquartered in Lake Mary, Florida.

12. Plaintiff, SUZANNE MERCED, was employed by Defendant as a call center agent based out of Lake Mary, Florida from September 1, 2012 through June 26, 2015.

13. Plaintiff and the other similarly situated call center agents are employees within the meaning of the FLSA.

14. Plaintiff and the other similarly situated call center agents were treated as employees of FIS.

15. Plaintiff and the other similarly situated call center agents were employees of FIS within the last two to three years prior to the filing of this lawsuit.

16. Defendant has and still does employ call center agents that offer insurance quotes to potential customers.

17. At all times relevant to this action (2013-2016), Defendant paid all call center agents a base salary.

18. Defendant also paid all call center agents a monthly bonus.

19. Plaintiff and those similarly situated employees receive a base salary of approximately thirty-five thousand dollars ($35,000.00) per year.

20. At all times relevant to this action (2013-2016), Defendant did not pay Plaintiff and other call center agents at a rate of no less than one and one half times their regular hourly rate of pay for hours worked in excess of forty (40) within a work week in violation of the FLSA.

21. The FSLA requires all covered employers to compensate all non-exempt employees at a rate of not less than one and one half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

22. At all times relevant to this action (2013-2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff and other call center agents for those hours worked in excess of forty (40) within a work week.

23. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks based on Defendant's policy of paying all hours worked at the regular straight time rate of pay.

24. FIS was aware, or should have been aware that Plaintiff and other call center agents worked more than forty hours per without overtime compensation.

25. FIS's managers and supervisors were aware of the overtime hours worked by the call center agents when they came in early and left late.

26. FIS's managers and supervisors were aware of the overtime hours worked by the call center agents when they communicated with call center agents after regular business hours via telephone and emails.

27. FIS encouraged call center agents to work more than forty (40) hours per week in order to meet and/or exceed goals.

28. FIS was aware or should have been aware that it is common in the industry that courts and the United States Department of Labor have found call center agents to be non-exempt employees who are eligible for overtime pay.

29. Upon information and belief, call center agents had discussions with management prior to the filing of this lawsuit about working in excess of forty (40) hours per week without overtime pay.

30. All call center agents were entitled to be paid for all hours worked for Defendant.

31. Although Plaintiff and other similarly situated call center agents worked overtime hours, Defendant failed and/or refused to pay them at a rate of time and a half their regular rate of pay for their overtime hours.

32. As a result of this compensation practice, Plaintiff, and all call center agents similarly situated, did not receive full and proper payment of time and one half their regular rate of pay for all hours worked in excess of forty (40) within a work week in one or more weeks.

33. Defendant employed and is employing other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

## VI. CLASS FACTUAL ALLEGATIONS

34. Class members are treated similarly by Defendant.

35. Defendant subjected class members to the same illegal practice and policy by failing to pay the Class Members the overtime premium rate of one and one half times their regular rate of pay for hours worked in excess of forty (40) hours in one or more weeks of work.

36. Defendant has employed potentially hundreds of class members within the state who were not paid the applicable overtime rate.

37. Defendant pays class members in the same manner.

38. Plaintiff and all class members worked in the state of Florida.

39. FIS operates in interstate commerce by giving employees who live outside of Florida the option to work from home while still assisting clients that reside in Florida.

40. Plaintiff and all class members were not guaranteed proper payment of the premium overtime rate for all hours worked in excess of forty (40) within a work week.

41. Plaintiff and all class members were improperly paid their regular rate of pay for all hours worked.

42. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

43. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable fees and costs if she prevails.

### COUNT ONE - RECOVERY OF OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

44. Plaintiff and other similarly situated call center agents reassert and incorporate by reference all allegations contained within previous paragraphs.

45. During her employment with Defendant, Plaintiff and other similarly situated call center agents worked more than forty (40) hours in one or more workweeks while employed by Defendant.

46. Defendant failed to properly compensate Plaintiff and other similarly situated call center agents for overtime hours that they worked, in violation of the FLSA.

47. Defendant acted willfully, intentionally, and/or recklessly in failing to pay Plaintiff and other similarly situated call center agents at least time and one half their regular hourly rate of pay for each hour worked over forty (40) hours in one or more workweeks while employed by Defendant, in violation of the FLSA.

48. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF THE CLASS**

49. This action is brought by Plaintiff for herself and on behalf of all others similarly situated employees, under the provisions of the FLSA for: (i) monetary damages to be paid by the Defendant associated with the above claims; (ii) liquidated damages or if liquidated damages are not awarded then pre and post judgment interest at the highest allowable rate; and (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel.

WHEREFORE, Plaintiff demands an Order awarding:

a. Payment of Plaintiff's, and all class members', overtime wages at the correct rate of time and one half of their hourly rate pursuant to the FLSA;

b. An equal amount of liquidated damages, or in the alternative, pre-judgment and post-judgment interest at the highest rate allowed by law;

c. Pre-judgment and Post-judgment interest where applicable;

d. Reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case; and

e. All other relief that the Court deems just and proper.

Plaintiff also demands a trial by jury.

Dated this 1st day of February, 2016.

Respectfully submitted by,

_____
Carlos V. Leach, Esquire
FBN 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
Post office Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
Attorneys for Plaintiff(s)